56 A.3d 864

IN THE MATTER OF KEVIN J. CARLIN, AN ATTORNEY
AT LAW (ATTORNEY NO. 004231985).

December 6, 2012.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 12–130, concluding on the record certified to the Board pursuant to *Rule* 1:20–4(f) (default by respondent) that **KEVIN J. CARLIN,** formerly of **HAMILTON,** who was admitted to the bar of this State in 1985, and who has been suspended from the practice of law since July 19, 2011, should be suspended from practice for a period of two years for violating *RPC* 1.1(a) (gross neglect), *RPC* 1.13 (lack of diligence), *RPC* 1.4(b) (failure to communicate with client), *RPC* 8.1(b) (failure to cooperate with disciplinary authorities);

And the Disciplinary Review Board having further concluded that the term of suspension should be consecutive to the one-year term of suspension imposed by Order filed January 25, 2012;

And the Disciplinary Review Board having further concluded that respondent should not be reinstated to the practice of law until all disciplinary matters pending against him are concluded and that on reinstatement, he should practice law under supervision;

And good cause appearing;

It is ORDERED that **KEVIN J. CARLIN** is suspended from the practice of law for a period of two years and until the further Order of the Court, effective January 26, 2013; and it is further

ORDERED that respondent shall not reinstated to practice until all pending disciplinary matters are concluded; and it is further

ORDERED that respondent shall continue to comply with the conditions ordered by this Court on July 19, 2011, and January 25, 2012; and it is further

ORDERED that respondent continue to comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.